From the time that Air Turbine filed its $200 million complaint until Atlas Copco filed its motion for attorney's fees and costs, Air Turbine consistently, irrefutably took the position that legal costs and expenses included attorney's fees. It filed the complaint and stated that attorney's fees were being sought as compensatory damage. But how do we reach your parole evidence mutual intent issue if Florida law, as the district court judge seemed to think, already construes the term legal costs and expenses to exclude attorney's fees? There's three ways in which attorney's fees can go into legal costs and expenses. First, it's de novo construction. You can construe it that way. But you asked about parole evidence. Second, if it is ambiguous, if the legal costs and expenses is ambiguous, the attorney's fees can be read into legal costs and expenses through the mutual intent of the parties in the parole evidence by the Shulkoff case, which many seem to think that's strict construction. But in fact, a close reading of that case says it's not strict construction. It just says the court will not struggle to find mutual intent. There's mutual intent here. Both parties, 30 v. 6 deposition testimony, as well as numerous acts by Atlas Copco, both indicate that parole evidence. But your question was, how do we get to the parole evidence? And the answer is... But your first line of argument is that there's no ambiguity in the language. That's correct. I mean, what else is legal expenses? Legal costs... But aren't there Florida law cases that don't disagree with that clear construction? That's a great question. The answer is no. None of us have been able to find cases, either of us. I mean, there's a citation to an 1885 Floridian Constitution, which if you look closely at those cases, you'll see it goes to a 1968 Florida Constitution, which says we're abolishing all things that aren't adopted into statutes, which then transmogrifies into a Florida 969.03 statute. The 969.03 Florida statute doesn't have legal costs and expenses in it. The 1968 Constitution of Florida does not have legal costs and expenses. It's all the way back in 1885. It's ignored. And by the time it gets to 969.03, by that point, it's purely costs. And really, 969.03 deals with if an accused criminal is discharged or found innocent, they are not forced to pay the fees, the costs, I'm sorry, the costs of the court. It was a surprise to me to learn that if you are a prisoner and you're convicted, then you do have to pay those costs. But in Florida, if you're acquitted or found not I apologize, 939.06 is where all of those cases- But it seems to me that all of the arguments you make, and you make substantial arguments with respect to what the mutual understanding was here, undermines the ambiguity, the unambiguous issue. For instance, you would concede, would you not, that if the, let's assume that there was no mutual understanding and all of the parole evidence you refer to here went the other way. In other words, that the parties did not intend for attorney's fees to be covered as expenses. All that suggests that there is an ambiguity in the pure language of legal costs and expenses, does it not? Well, that's a good question. To most folks, legal costs and expenses means attorney's fees. To these parties, it meant attorney's fees. Well, how do we know that? I mean, we can't decide a case because to most folks, you think that legal expenses includes attorney's fees. I'm sorry. No, go ahead. We know that because the chairman, negotiator, and signatory to the contract said in the 30B6 deposition testimony, he said the question was, and I asked this question to him, is it Air Turbine's position that Clause 17 awards attorney's fees to the winner of this dispute? Answer, yes. 30B6 from Air Turbine, from Atlas Copco, attorney's fees are in there. It's kind of weird because you're suggesting that we look at the parole evidence to persuade us that the language is unambiguous. Well, my first position is, it's unambiguous. It says legal costs and expenses, that includes attorney's fees. On that first position, it's unambiguous. You clearly lose because of the Florida cases, don't you? Look, for example, at Islander Beach v. Skylark. If there ever was an obvious example of perhaps unclear drafting, but nevertheless, a pretty clear purpose. Why else was that provision in there other than to provide attorney's fees? The Florida court says, no, we're not even going to try to read it because it's not well written. Out you go. I thought that was a rather stunning example of ignoring the intent of the parties, more or less clearly expressed and simply saying, if you haven't written it correctly, you lose. Well, you haven't written it correctly, so why don't you lose under Islander? For two reasons. Islander reaches back to Sholkoff, which I'll get to in a minute. But in Islander, the clause said attorney's fees and then a couple of sentence fragments. And the question was, does it come out of the lease? Does it include the appeal fees? Does it not? And the court said, we're not going to struggle with this one. And that's exactly what Sholkoff said. We're not going to- You're asking us to struggle with your language because your language doesn't say anything about attorney's fees as such. I'm asking you, I mean, I don't think there is a struggle because both parties have said in sworn- We can't get to what both parties have said under Islander. We have to read the document. But isn't this court supposed to stand in the shoes of the parties and look at the intent of the parties? No. Okay. We're supposed to look at the document and decide what the document means. We don't- The old rocking chair concept, which is popular in Florida state laws, you may well remember, is perfectly fine if the problem is what was Aunt Susie- Which Aunt Susie did they mean when they left the gift? But according to the Florida cases on attorney's fees, which I can't defend, frankly, as an abstract matter, but aren't we bound by Florida law on this issue? You are. We are all bound by Florida law. We've agreed to that some time ago at the district court level. However, there is the option of mutual mistake. If the two parties intended for this to say this, you have the option to reform or construe the term legal costs and expenses. That's one way- That's the second way you get to your parole evidence. So there's the option of saying there was mutual intent and you're not changing the contract because this is what the parties agreed to. Under mutual intent, you go straight to parole evidence and say, what did the party say? There's no refutation of what the party said. The only thing Air Turbine's been able to come up with is it's irrelevant. Don't look at it. Don't look at the man behind the curtain. But isn't your best argument, just sort of picking up on the discussion you've been having with Judge Prost and Judge Klager, isn't, in a way, the strongest line of attack for you that there is an ambiguity in the language so that you then do get to what you've referred to as the parole evidence, Mr. Atkins? That's certainly one avenue and it's a very strong one. Because I mean, just looking at the language, I mean, we see attorney fees, say, for example, often in the setting Equal Access to Justice Act. You hear the three things, attorney fees, expenses, and costs. There can be a difference between expenses and costs. Costs are photocopying. Expenses can be the expense of an expert witness. And attorney fees are the attorney fees. So I mean, strangely, maybe you're, given the way it's worded, your best hope here is that there's a determination that's ambiguous and that we decide we have to look to what you say is behind the curtain. We reach the same conclusion whether we go through mutual mistake and reformation or whether we go through the fact that it might be ambiguous. What would be the mistake here, that they didn't draft the, because I think there was one Florida case, the classic example, is where there's a drafting error. Right. But what would be the mistake here? A drafting error not being precise enough? If both parties meant to include attorney fees, and they clearly did based on their sworn testimony, then they, in a reformation realm or mindset, it would be including attorney fees could be added to that. Did you ask the trial judge for reformation of the contract? We didn't ask for that specific cause of action. What we asked him for is we filed a motion for attorney fees and one of which was this new cause of action under the contract prevailing party. When the district court judge said, sorry, you're not getting attorney's fees, we were somewhat shocked because it was so clear from the intent that we found a motion for reconsideration and even though Atlas Capco had put in the pre-trial stipulation that we're looking for attorney's fees, put it in the motion for attorney's fees and costs, we put an affidavit from the person who negotiated against the 30B6 declarant from Air Turbine and said, look, look, they both agree. And the judge said, specifically, I don't care about the intent of the parties. I don't care about them. And that's where the mistake lies. So your answer to Judge Planker is no, you didn't raise it. I'm so sorry, the answer is yes. You didn't raise it. No, no, no, I'm sorry. No, we did raise it. I apologize. The question is, did you ask for reformation of the contract? Your answer is yes or no. The answer is we did not answer for reformation, but we did ask for mutual mistake, which is the same thing. Judge, look, there was a mutual intent of the party. There must be a mistake because both parties intended this. And your previous decision was contrary to that. He said, I don't care if there was a mutual mistake. He says, I don't care about the mutual intent of the parties. Mutual intent is mutual mistake. Mutual mistake is reformation. In that context, I don't think you were saying that the parties created a mutual mistake. You were saying that the district court judge was the one that was mistaken. That's correct. That's different, I think. You've gone into your rebuttal time, but we'll restore your full rebuttal because you just went over a little bit. And we'll hear from, I have to make sure I get the parties right, Air Turbine. Yes, Your Honor. Mr. Horne. Richard Horne. I please the court. Eppley Atlas seeks a bailout, basically, from this court for three legal mistakes. Bailout is kind of a toxic word. Yes, I know. That's the vernacular of the day. That indeed is why you used it. That's exactly right. Let me ask you, Mr. Horne, what are expenses? What is the word expenses? Or what are the words mean in the context in which it's used? The word means the non-taxable expenses that were expended in the litigation. That would be the technical definition. The general definition would be expenses are something that are incurred in the course of doing some activity. And something other than costs. Something other than costs, right. So the definition of expenses would be financial obligations that are incurred in pursuing this litigation other than costs. Other than costs and fees. Well, where does fees come in? I mean, the provision at issue uses two terms, costs and expenses. I think that if there had ever been a case where expenses was construed to include attorney's fees, that it would have been raised by Atlas. I'm not aware of such a case. I just want to know what your position is as to what expenses mean. You've got two things here. Legal costs and expenses. So your definition of what comes within expenses consists of what? Of non-taxable items such as expert fees, things that are not included in section 1920 that would be recoverable as costs. That would be the, you know. But we're talking about something other than costs and the expense of capital. Right. So I'm giving you an example of expert fees that are not recoverable under section 1920. That would be an expense that you incur, but it's not recoverable. But why wouldn't attorney's fees then? I mean, what is the rationale for saying, okay, it covers expert's fees, but not attorney's fees? Well, I think you can argue abstractly that that's the case. But in the context of the Florida cases, then interpret what it takes to obtain attorney's fees in the state of Florida from a contract. They say you have to be clear and specific and identify what it is that you're looking for. And that was not done in this contract. This says legal expenses and costs, which do not include attorney's fees. That's what the district court found on his analysis of the Florida cases, including the Shoal Cough case, the Islander case, and a number of others. Florida is very strict on, as in a number of other sort of consumer areas, on making things be specific and precise if you want to get them from another party. Mr. Horne, let me speculate just a minute. You don't have to answer this. You can take the Fifth Amendment. But let's assume you had one below and the trial judge had denied you attorney's fees. Would you be up here on appeal? It would depend on the basis upon which denied them. Attorney's fees were sought on any number of basis in the trial court. They were sought for patent infringement. They were sought for Lanham Act violation. And it really is incorrect to say that both parties intended that fees were to be recoverable under any circumstances in the case. What Mr. Atkins fails to include in any of his presentations are the next question and answer that he asked the ATT chairman when he asked whether the, he asked this, so if you lose the dispute, Air Turbine will pay the attorney's fees of Atlas Copco. Answer, I don't know that that's appropriate. But it's one conceivable construction of this document, yes. So that was not an unequivocal statement that attorney's fees were recoverable under any circumstances. Did you not stipulate in the pretrial conference that you would seek contractually based attorney's fees if you want on the merits? It was not identified as contractual attorney's fees. It was just any attorney's fees. Atlas' position was, well, at least we did stipulate, but there was a lot of different bases upon which attorney's fees might be recoverable. Such as? Such as attorney's fees under the Patent Act. We had a patent claim that was tried, attorney's fees under the Lanham Act. There was a Lanham Act case or claim that went out on summary judgment. But at the time of the pretrial conference, there were still a number of bases upon which attorney's fees might be claimed. And I think that in Florida, and this is, I included a district court, middle district of Florida case, the Casella case, that incorporated a number of Florida cases. The ordinary way that you obtain fees in the state of Florida is to move for their award after the trial is completed. And that's what was done here. In connection with the infringement claims, did you claim this was an exceptional case? Was there an allegation in your complaint that this is exceptional? I believe that there was, yes. Well, let me make sure I have it right. At page 189 of the joint appendix, count three is breach of contract. Okay. And then one of the things you asked for is relief is attorney fees under the breach of contract claim. Now you also ask for it under fraud and under, let's look at the patent claim immediately. But I guess for our purposes, what's relevant is that you do specifically ask for attorney fees under the breach of contract claim. And one of the doctrines that we use from time to time in determining the intent of the parties is how they conduct themselves during the period of the contract. And this your client understood that it was entitled to attorney fees if there was a breach of contract. Well, if you look at paragraph 17 of the contract itself, it states that the party prevailing in any legal action arising out of this agreement shall be entitled to receive its costs and expenses in bringing any such action and enforcing any judgment from the non-prevailing party. Our position was at the time was that attorney's fees were provided for the bringing of an action and enforcing a judgment, which could only be done by a plaintiff, not resisting. Now the district court used interpretation to avoid that result. But so far as the parties were concerned, as far as the plaintiff was concerned, we were the only ones who could get fees. You're saying, I want to make sure I understand this, you're saying that the reason this language appears at page 190, which is again the complaint and the breach of contract claim is that your client understood that only the party under clause 17, only the party bringing the action could get attorney fees. Right. And that's what he says in this answer in his deposition, which is the next answer after. But it says the party prevailing in any legal action. It doesn't confine it to the party bringing the action. That was the construction of the district court, that to him it was clear and unambiguous that even though the following language seems to be clear, that it was only the the section. And that's what the intent of the plaintiff was. His belief and intent was that only he could collect the fees. He answered it, his question, when they asked him can Atlas Copco get the fees, I don't know that that's appropriate. So it would be an extremely fact specific undertaking to determine the issues that are trying to be raised either on reconsideration with the district court or in this court without ever having reformation having been raised at all before this. What do you mean by fact specific? I mean that in order to determine what the intent of the parties are or was, for example, for reformation there needs to be an agreement preceding the writing which is wrongly written down. I would have thought Mr. Horn that your best position would have been to say none of this stuff is relevant because under Florida law the only thing that controls is the language of the document. Well I agree with that. I started out saying that as further questions have gone into what the complaint says and so forth, I want to give an answer that responds to that. But I agree with you completely. I think the district court was exactly right. In answer to my question to you as to whether you would be up here arguing for attorney's fees had you won, I would have thought you might have said that's irrelevant, your honor, with all due respect, of course. But that what we would have done or thought we could have done is not the issue. The only question is what legal right do we have under the document and the trial court was right on that issue. Isn't that basically your position? Yes, that's completely my position. The other things that I've stated are collateral to that and only if you assume that there are other things that you have to look at. But I don't want to just say the district court was right, it's irrelevant, sit down. I'm trying to be helpful. That's always helpful. I think that in the course of this I have covered a good deal of what I wanted to say. But I think that reformation should be clearly out in this court as both irrelevant and as a matter of the law that this court does not consider legal issues that are raised and have not been raised in the court below either on reconsideration or directly to this court. And the exception which was argued in the briefs as applicable of a pure issue of law which will result in miscarriage of justice. I don't think that my discussion of the factual nature of all of this plays into that. You would have to do fact analysis. So that really is a non-starter. Let me just ask you, and maybe I missed this, maybe it came out in your discussion with Judge Prost earlier, but you say that the term, there's no ambiguity in the language legal costs and expenses. Under the Florida law of attorney's fees, you have to specifically say attorney's fees and it doesn't say that. You're saying whatever else expenses may encompass under Florida law, it doesn't encompass attorney fees. Right, which have to be specifically mentioned and aren't. If I could say one more word about jurisdiction. We have a jurisdictional motion that we raised in which the district court decided the fee motion and Atlas filed a motion for reconsideration which was denied and the court entered judgments according to rule 54 which don't require a separate judgment for attorney fee orders. And then Atlas waited until the costs motion was decided almost a year later before filing their notice of appeal. Now, there is very clear Supreme Court authority, the Bottinich case, New England or New Hampshire, White versus New Hampshire, and a number of other cases which say that costs and fees are appealable. And in order to deny the jurisdictional motion, you have to, I'm not sure that you could grant it even if you concluded that there was some kind of contract cause of action that sprung up when the attorney's fees were denied to save Atlas. But the Supreme Court cases are very clear that they should be appealed as collateral orders immediately. And anything else would result in confusion as to when an order is appealable. So, if you say that Atlas was excused from filing the motion or the notice of appeal from the motion for attorney's fees, this could create a lot of confusion in the courts generally because the Supreme Court has been clear that jurisdictional orders or jurisdiction under section 1291 should be made specific and clearly defined so that parties know what they're doing and when they have to file a notice of appeal and when they don't. So, it's your argument that we could not simply affirm the trial court. I believe you should dismiss the attorney's fee and reconsideration motions as not within the court's jurisdiction and you can decide the costs motion under the standard of abuse of discretion. All right, Mr. Torn. Thank you very much. Mr. Atkins, I said you have your full five minutes for rebuttal if you need it. Thank you very much, Your Honor. Before you get into your stuff, something came up in the questioning that I hadn't really focused before. So, I'd like you to help me out here. Judge Schall, for another matter, referred to the complaint in the breach of contract complaint by Air Turbine. And it just strikes me in the request for Air Turbine, it's on page A190 of the appendix. Yes, Your Honor. Their request for attorney's fees, what they said was attorney's fees, costs and expenses, and prejudgment interest. In other words, it's clear from this that they perceived that attorney's fees were something other than costs and expenses, which seems consistent with at least their Isn't that their use of this in the context of their complaint sort of prejudicial to your point that that term includes attorney's fees? The answer is no. And the reason is because in that, you would also seek costs under Rule 54, like we did in our motion for attorney's fees and costs. You would seek expenses, and that doesn't say legal expenses, because the term at issue is legal costs and expenses. But what it does point out is that they clearly are asking for attorney's fees under the breach of contract. In the appendix at A248, that's a pretrial stipulation. 248, you said? Yes, Your Honor. 248 is a pretrial stipulation. This is shortly before trial. The first sentence on A248 says ATT believes that attorney's fees are not at issue in this case pending a determination of who is a prevailing party. Once a prevailing party was determined, a cause of action erupted, which is contract damages, which is what was subsumed within our motion for attorney's fees and costs. Our post-jury verdict, pre-appeal, which you two sat on, was a motion for attorney's fees and costs. It included a request for costs under 54, Lanham Act, extraordinary damages under 54, offers of judgment, and this cause of action for attorney's fees and costs under the contract. So in the complaint, you have them requesting attorney's fees. In the 30B6 deposition testimony, you have them asking for attorney's fees. In the pretrial stipulation, they're saying we're going to get our attorney's fees. And only after the jury came back and they were not the prevailing party did they say, oh, lo and behold, I'm not the prevailing party and everything's irrelevant. Now, as to the second deposition question, the following question, if I can have you turn to page A5, which is the agreement. Which page are you in the sentence? That's A5. In A5, we have the glorious clause 17, and it's the last sentence there. In the event of a dispute, we have a dispute, the party prevailing in any legal action arising out of this agreement, it's page A5, I'm sorry, I'll let you catch up. It's that last sentence. In any legal action arising out of this agreement, shall be entitled to receive the legal costs and expenses in bringing any such action and enforcing any such judgment. It was Air Turbine's position that because they were the plaintiff, they were the only ones that could get the attorney's fees, but they never disputed that legal costs and expenses included attorney's fees. And if I have you turn the page in the appendix to A7, the first full paragraph there, it says, starts with plaintiff contends that the agreement does not specify an entitlement to attorney's fees, nor does it permit recovery of legal costs or expenses, unless the party seeking recovery brought the action or enforced the judgment. So the viewpoint was, what you see here is, shall we say, some obfuscation about not legal costs and expenses, it's who's enforcing the judgment, who's the party seeking recovery. Who brought the action? It's a little bit of a slight pan, but the legal costs and expenses are what are at issue on appeal. This particular... But doesn't this... I mean, again, I'm still having problems with the terminology. This sentence says, the agreement does not specify an entitlement to attorney's fees, nor does it permit recovery of legal costs or expenses. Doesn't that suggest that attorney's fees is something other or in addition to legal costs and expenses? Well, this is what the plaintiff contends, this sentence. And second, it's written by the judge who will say, attorney's fees are not in legal costs and expenses. And... But your whole argument, and I take it, I understand they were focused on whether the plaintiff or the defendant gets the attorney's fees. Your argument, however, is focused on the question of whether the phrase legal costs and expenses includes attorney's fees. And doesn't that come back to the question of whether your interpretation or their... Your client's interpretation or their client's interpretation or any expert witness's interpretation has any relevance to our decision? Because the trial judge took the position that it really doesn't matter what you people thought, or what they intended, or what you argued about. The only question is, how does this language comport with Florida law? Help me understand how I escape that trap. Certainly. There's two ways you escape it. First, by mutual mistake. And you asked before, I apologize, I believe it was you, Judge Plager, asked, was it raised before, we asked for the exact same thing as reformation. And there are cases in our briefs that say, as long as you ask for the underlying... But we clearly can't reform it up here. You can construe the claim, I mean, I'm sorry, the contract term to include attorney's fees, because you recognize a mutual intent, the mutual mistake. Because mutual mistake is nothing more, reformation is the result of mutual mistake. That's one way. The continuation of the answer to your question is, if it is the slightest bit ambiguous, then you look at the parole evidence, because it's banging on the door from both parties, sworn unrefuted testimony. There's not an issue of fact. And what you see is, legal costs and expenses, that's the issue on appeal. It's not whether who brought the action or anything like that. Thank you, Mr. Atkins. Again, thank you, Mr. Horne. The case is submitted.